## 26626. FESSENDEN v. PARRIGIN.

UNDERCOFLER, Justice. Mary M. Parrigin brought an action seeking to eject Arthur Fessenden from a strip of land 25 feet wide by 50 feet long which land had originally been the northern one-half of a platted street known as Junction Avenue in Atlanta, Georgia.

The record shows that the common grantor of the parties was J. A. Plaster who acquired Lots 2 and 6 of the subdivided estate of Ben J. Plaster as shown by a plat dated March 1894. On the plat of this subdivided lot, Lot 6 included that portion of Junction Avenue abutting the property on the north. The plaintiff's land is a part of Lot No. 6 of the 1894 subdivision and the defendant's is a part of Lot No. 2. On August 9, 1911, American Securities Company purchased from the administratrix of the estate of J. A. Plaster Lot No. 6 of the subdivided land and the conveyance to it included the land known as Junction Avenue. In November 1912 the American Securities Company further subdivided Lot No. 6 into the

Peachtree Hills subdivision. The map and plat of the subdivision showed that all of Junction Avenue was included as a part of the subdivision. The plaintiff's property is Lot No. 24, block 2 of the Peachtree Hills subdivision and Junction Avenue as shown on said plat is at the rear of said lot. The plaintiff's chain of title from the American Securities Company shows that the northern end of her property only extended to Junction Avenue on the north.

The defendant's land is a part of Lot No. 2 of the land which was originally subdivided in 1894 and joins Junction Avenue on the south. The defendant's land is a part of a subdivision known as Peachtree Terrace.

The evidence shows that the plaintiff purchased her property in 1937. The land in dispute has been fenced in since 1940 and occupied and used by the plaintiff from that time until she was ousted by the defendant in 1969 when he built a fence thereon. There is no evidence in the record showing that the land known as Junction Avenue which lies between the lots of the parties has ever been opened or used as a street or that it was ever accepted by the proper governing authorities as a street.

On agreement of the parties, a jury trial was waived and the issues were decided by the trial judge. The trial judge rendered a verdict and judgment for the plaintiff and subsequently denied a motion for new trial filed by the defendant. The appeal is from this judgment.

The appellant contends that the trial court erred in denying his motion for new trial because the verdict and judgment was contrary to the evidence, strongly against the weight of the evidence and without evidence to support it. *Held:*

This case does not involve a public street. There is no evidence that the portion of Junction Avenue in dispute here was ever opened or its dedication ever accepted by the proper governmental authorities. *Chatham Motorcycle Club v. Blount,* 214 Ga. 770 (1) (107 SE2d 806).

The general rule is that when a subdivision is laid out and

the lots sold with reference thereto, the purchasers thereof acquire a right of way over the streets. "As lots in this subdivision were sold, and the purchasers got their deeds thereto, the purchasers acquired title to the lots and the rights of way over these streets as appurtenant thereto. The fee in the land embraced in the streets became vested in the owners of the abutting lots to the middle of the street, subject to the rights of way over the same in favor of the purchasers of the lots in this subdivision for the purposes of ingress and egress to and from their lots. [Citations] These purchasers acquired a clear title to their lots, a complete right to the rights of way in and over these streets as appurtenant to their lots, and title in fee in one half of the soil embraced in the streets adjoining their lots." *Tietjen v. Meldrim,* 169 Ga. 678, 699 (151 SE 349); *Hannah v. Kenny,* 210 Ga. 824 (83 SE2d 1).

In this case, however, the defendant was not a purchaser of a lot in the Peachtree Hills subdivision. He acquired no title to Junction Avenue. *Mayor &c. of Forsyth v. Hooks,* 182 Ga. 78 (184 SE 724). Therefore, when the defendant erected a fence to the middle of Junction Avenue, he was a mere trespasser and the plaintiff by reason of her prior possession alone was entitled to eject him.

"A plaintiff in ejectment may recover the premises in dispute upon his prior possession alone, against one who subsequently acquires possession of the land by mere entry and without any lawful right whatever." *Code* § 33-102.

"Prior possession is some evidence of title, and is sufficient as a basis for recovery of possession as against a trespasser. Ordinarily it is not necessary to anticipate the defense, and where the plaintiff relies on possession he need not aver that defendant is a trespasser, but evidence of prior possession alone is sufficient to put the defendant on proof that he has a better title than that of the plaintiff." *Horton v. Murden,* 117 Ga. 72 (6, 7) (43 SE 786); *Terrell v. Gould,* 168 Ga. 607 (148 SE 515). "The defendant may defend by showing that he holds under

the plaintiff, and that at the time he (the defendant), or those through whom he intermediately claims, acquired the possession, or subsequently, the plaintiff transmitted the title or gave up his right of entry for a period which had not expired at the beginning of the suit; or by showing that he (the defendant), or those under whom he claims, were justified in taking the possession from the plaintiff by reason of having legal title and right of entry; or that he entered peaceably, with lawful or equitable right to do so; or that he or those under whom he claims were in possession at a time prior to the beginning of the plaintiff's possession. The defendant cannot sucessfully defend by showing merely that the plaintiff did not in fact have title, or by setting up outstanding title in a third person, unless he connects himself with that title." Powell on Actions for Land, § 301, p. 354; *Chandler v. Raney,* 201 Ga. 544, 547 (40 SE2d 661); *Moss v. Chappell,* 126 Ga. 196, 201 (54 SE 968, 11 LRA (NS) 398).

The designation of Junction Avenue on the 1894 plat does not alter this conclusion. The plat shows that all of Junction Avenue was included with Lot No. 6. There is no evidence that the street was ever opened, used, or its dedication accepted. Furthermore, the title in the fee in Junction Avenue was acquired by the common grantor's purchase of Lots 2 and 6 as shown on the 1894 subdivision plat and was expressly conveyed out of the common grantor to the American Securties Company (predecessor in title of the plaintiff) when the deed described Lot No 6 and included therein all of Junction Avenue.

It follows that the general grounds of the motion for new trial are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 13, 1971—DECIDED SEPTEMBER 8, 1971—
REHEARING DENIED SEPTEMBER 27, 1971.

*William H. Barber, Edward D. Wheeler,* for appellant.

*Mitchell, Pate & Anderson, Stephens Mitchell,* for appellee.