## 57196. BANKS v. MYRICK.

BIRDSONG, Judge.

This case is a boundary line dispute between adjoining landowners. The appellant applied to the probate court for a processioning. The processioners cause the marking of the line and filed their return with plat attached in the probate court. The appellee protested and appealed to the superior court from the return of the processioners. The case was tried before a jury. The jury found the line to be as contended by the appellee, and a judgment was entered on this verdict. The appeal raises only the issue of the sufficiency of the evidence to support the verdict.

The evidence shows without dispute that the parties had been adjoining landowners since 1947; in 1977, 30 years later, this controversy as to the location of their boundary line arose; the evidence further showed that the boundary line was a straight line. After the appellant made a prima facie case by proof of the return of the processioners with plat attached, the appellee testified. His testimony was that in 1947 at about the time of purchase of his lot, the deceased husband of appellant who was the joint owner of their property pointed out to appellee the boundary line between their respective parcels of land which included these landmarks: a large pine tree on the line and a metal stake on one of the corners. However, some years later, this stake was removed. Appellee testified further that he always claimed this line as the true line; and that he advised his surveyor that the line was as had been shown to him some 30 years previously by the appellant's deceased husband; this included the large pine tree and the location of the removed metal stake. The appellee's surveyor testified he marked the line according to physical features pointed out to him by appellee which included physical evidence such

as trees and a hedgerow, which appeared to follow an old landline; and that the line he marked went by a large pine and a big oak. The surveyor also testified that the physical features pointed out to him by appellee were verified by aerial photographs. The line found by the jury was the same line marked by this surveyor and was reflected on one of appellee's exhibits, a plat, which was admitted by agreement. This plat shows a straight line with a pine and oak tree indicated on this line. *Held:*

We affirm as the above evidence authorized the verdict and judgment. The declarations as to the location of the line by the deceased husband were competent evidence of the line and landmarks thereon. Code § 38-311. This line had been claimed as the true line and was at least impliedly agreed to by the deceased husband. This transpired approximately 30 years ago. The parties therefore would be bound as the boundary line was established by acquiescence and adverse possession under Code §§ 85-1602 and 85-1603; *Riley v. Griffin,* 16 Ga. 141.

Secondly, the evidence shows, and the jury was authorized to find, that the boundary line indicated by the appellee's surveyor was the original true line as shown by the deceased to the appellee in 1947 utilizing ancient or genuine landmarks. Code § 85-1601.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

Submitted February 7, 1979 — Decided March 8, 1979.

*Reginald Bellury,* for appellant.
*Milton F. Gardner,* for appellee.