A89A0365. DUVAL et al. v. KIDDER.
(383 SE2d 356)

BIRDSONG, Judge.

This is an action for breach of contract against the seller of a house, Metta Kidder, filed by the purchasers Robert S. Duval and Beverly Duval. The complaint alleged a defect in the septic tanks, which defect the purchasers apparently discovered upon occupancy.

The Duvals' complaint asserts that the seller (Kidder) assured them that "the property was in reasonably satisfactory condition." Further, the plaintiffs Duval asserted that they had "inspected [the] property." The case was disposed of below by the grant of summary judgment to the seller, Kidder, on grounds inter alia that the contract of sale expressly called for prior inspection of the sewage and plumbing system by the purchasers and written notification to the seller of

the discovery of a defect; further, that the contract constituted the entire agreement between the parties and no verbal agreements had been made. The plaintiffs appeal. *Held*:

The appellants sued for breach of contract but have shown none, except their own in failing to properly inspect. They are not asserting that a verbal "agreement" was made. They assert they inspected the property, which the contract expressly required them to do, but they give no evidence as to what sort of inspection they conducted and why they could not reasonably have discovered that sewage "backed up" or "percolated" in the plumbing system.

In response to the defendant Kidder's motion for summary judgment, the buyers Duval say they have raised up the issue of "passive concealment" under *Wilhite v. Mays*, 140 Ga. App. 816 (232 SE2d 141), but in fact they do not allege that Kidder "passively" concealed anything. The cause of a defect might have been latent because the septic tanks were buried in the ground, but for all that is shown the *disfunction* arising out of the defect was readily apparent. And the fact alone that the septic tanks were buried does not answer or controvert the buyers' clear duty to reasonably inspect and discover a defect under the contract, if they could reasonably have discovered the disfunction. After they purchased the property, they did discover (apparently by simple observation) that the sewage system was not working. No reason appears why they could not have discovered this fact by simple observation upon a prudent inspection.

What appellants do allege, in response to Kidder's motion for summary judgment, is actual fraud in that Kidder made actual representations that she had had no problem with the sewage system, and that the septic tank was of 500 gallon capacity and was "legal" and adequate. Yet, they present no *competent evidence* that these representations were false and that Kidder knew or should have known it. Their attorney, in a pleading entitled "Material Facts Where There is a Genuine Issue to be Tried," asserts that upon excavating the septic tank, the plaintiffs Duval discovered it was not of 500 gallon capacity, and was not adequate, legal, or licensed. However, these mere assertions in a pleading by counsel are not competent evidence and are not admissible as evidence. See *Clements v. Hendi*, 182 Ga. App. 118 (354 SE2d 700) and *Glenn v. MARTA*, 158 Ga. App. 98 (279 SE2d 481). *Sherwood v. Boshears*, 157 Ga. App. 542 (278 SE2d 124).

In fact, even liberally construing the pleadings as having properly raised the issue of fraud, or if we deem it properly raised because it was tried and heard (OCGA § 9-11-15 (a) (b)), there is no evidence whatever that the sewage system was defective. Kidder told appellants she had had no problems with it before they purchased the house. The appellants have not shown that she did, or should have discovered any.

No genuine issue of fact has been raised by appellants so as to prove breach of contract or passive concealment or actual or constructive fraud. Even if an issue of fact had been raised as to the disfunction and Kidder's knowledge of it, the appellants show no evidence that they could not reasonably have discovered the disfunction upon inspection. And, according to the classic laws of fraud, even if Kidder had knowingly misrepresented the fact, the appellants would still have to show the mixed propositions that they were justified in relying upon her representations; that they exercised the reasonable diligence required of everyone to discover misrepresentations; and that they complied with their own contractual duty to inspect or were excused from it.

The trial court was perfectly correct to grant judgment to Kidder. *Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 8, 1989.

*Martin S. Jackel*, for appellants.
*Lovett Bennett, Jr.*, for appellee.