A98A0373. MAUGHON v. LASSITER.
(500 SE2d 626)

Judge Harold R. Banke.

In this boundary dispute, James Maughon sued Henry Lassiter for trespass to prevent the removal of timber from the contested property. After the jury returned a verdict for Lassiter, Maughon brought this appeal, challenging the exclusion of a 1956 plat.

Prior to trial, Lassiter moved in limine to exclude the 1956 plat on the grounds that Maughon could not prove its correctness, it contradicted the plat Maughon's lawyers used to draw his deed, and it lacked relevance, in that the plat was not in Maughon's chain of title. The plat depicted adjoining property, the boundary of which was not at issue. Ultimately, the trial court excluded the plat because Maughon provided no witness to attest to the plat's correctness; it also expressed reservations about the surveyor's acumen. However, the court allowed Maughon's witness, an attorney who performed a title search, to testify as to his use of the plat in formulating his opinion. *Held*:

Maughon's failure to proffer the plat into evidence presents us with nothing to review. *Bagley v. CSX Transp.*, 219 Ga. App. 544, 547 (2) (465 SE2d 706) (1995); *Merritt v. City of Albany*, 198 Ga. App. 337, 338 (401 SE2d 567) (1991). This also prevents Maughon from establishing the requisite error. *Hertz Corp. v. McCray*, 198 Ga. App. 484, 486 (2) (402 SE2d 298) (1991).

Notwithstanding the plat's absence from the record, Maughon's expert's testimony and his own admissions undermine his contention that the plat was relevant to the boundary dispute at issue here. See *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264, 266 (4) (387 SE2d 593) (1989); *Kosal v. State*, 204 Ga. App. 708, 714 (6) (420 SE2d 621) (1992) (decisions to exclude evidence reviewed for abuse of discretion). Maughon's expert testified that he "couldn't rely on it [the plat] completely because it didn't totally collaborate" the description on Maughon's deed. He conceded that the plat's measurements were inconsistent with the boundary line Maughon alleged to be correct in his complaint. Maughon acknowledged that the measurements in the plat, established by dragging chains through the woods, were "imprecise." He also admitted that the plat, based upon tax records, "can't establish where the line actually is." In these circumstances, we must affirm.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED MARCH 30, 1998.

*Talley & Sharp, Daniel S. Digby, William C. Bushnell*, for appellant.

*Crumbley & Chafin, R. Alex Crumbley, Chamberlain, Hrdlicka, White, Williams & Martin, James L. Paul*, for appellee.