S02A0389. FORT MOUNTAIN CONTAINER CORPORATION
v. KEITH et al.
(564 SE2d 188)

HINES, Justice.

Fort Mountain Container Corporation appeals the decision of the superior court to award fee simple title to a strip of land to Peggy Keith and various relatives ("the Keiths"). For the reasons that follow, we affirm.

The strip of land at issue is approximately 50 feet wide and is situated between two blocks of land owned by the Keiths in the City of Chatsworth. It is alleged that the strip appears as a one-block street on a plat of the Chatsworth Land Company, between lots B and K, and was intended for use as a public street. The Keiths own the adjacent portions of Blocks B and K and filed a "Petition to Quiet Title Against All the World," and specifically the City of Chatsworth, seeking to establish fee simple title to the strip. The superior court appointed a special master to hear the issue.

The special master found that the petition should be granted because the strip was never expressly dedicated to the City, nor accepted by it, any traffic intended for the strip has been diverted to another route, and the City abandoned and relinquished any right to the strip by allowing the Keiths, their predecessors in title, and their lessee, to be in actual, open, peaceable, and exclusive possession of the property since at least 1940. See *Kelsoe v. Town of Oglethorpe*, 120 Ga. 951 (48 SE 366) (1904).

The court signed an order approving and adopting the special

master's report. Within 30 days, Fort Mountain Container Corporation, the long-time lessee of the Keiths' property, filed a petition to intervene, see OCGA § 23-3-69, and the court appointed the same special master to address the issues Fort Mountain raised. After a hearing, the special master repeated the findings from the original report, and added that the Keiths, and their predecessors in title, had acquired fee simple title to the strip by adverse possession, see OCGA § 44-5-160 et seq., and that Fort Mountian had no interest in the strip. The trial court entered judgment adopting the special master's report, and Fort Mountain appeals.[1]

1. Fort Mountain contends that it has an easement to use the strip as a road on the theory that it owns other lots of land that appear on the same plat as the strip, and that:

> Where the owners of a tract of land subdivide it into lots, record a map or plat showing such lots, with designated streets and a public park, and sell lots with reference to such map or plat, the owners are presumed to have irrevocably dedicated such streets and park for the use of all of the lot owners in the subdivision. . . . The owners of lots in the subdivision have an easement in these public areas whether or not there has ever been an acceptance of the dedication by public authorities or the public generally.

*Northpark Assoc. v. Homart Dev. Co.*, 262 Ga. 138, 140 (1) (414 SE2d 214) (1992). See also *Tietjen v. Meldrim,* 169 Ga. 678 (151 SE 349) (1930). Fort Mountain's argument assumes that such a recorded plat exists, that the strip is designated on said plat as a road, that the developer sold platted lots that Fort Mountain now owns, and that Fort Mountain's title is traced to that original subdivision. But Fort Mountain did not place a copy of any plat into evidence, and the trial court's ruling on this issue is affirmed. See *Alexander v. Mosley*, 271 Ga. 2, 3 (2) (515 SE2d 145) (1999); *Maughon v. Lassiter*, 231 Ga. App. 705 (500 SE2d 626) (1998).

2. Fort Mountain also argues that the trial court erred in finding that the Keiths had acquired title to the strip through adverse possession. The special master found that adverse possession of the strip by the Keiths and their predecessors in title was shown, in part, by Fort Mountain's use of the strip, which inured to the benefit of Fort Mountain's landlord, i.e., the Keiths and their predecessors in title. Fort Mountain contends that this is error.

"A tenant cannot originate adverse [possession] in his landlord's favor where the lease does not expressly or impliedly include the

---

[1] The City of Chatsworth has not appealed.

easement. [Cit.] Use by the tenant inures to the landlord's benefit if it expressly or impliedly includes the easement. [Cit.]" *Olsen v. Noble*, 209 Ga. 899, 905 (76 SE2d 775) (1953). Fort Mountain argues that because its lease specified only the tracts adjoining the strip on both sides, its use of the strip did not inure to its landlord's benefit. But there was evidence that the strip was impliedly included in the lease. The strip, together with the adjoining lots, was used as one tract of land by Fort Mountain's original landlord, A. J. Keith, the Keiths' predecessor in title, for farming. And there was evidence that Fort Mountain also used the strip and adjoining lots as one tract and did not use the strip merely for ingress and egress. In fact, there was evidence that showed, and the special master found, that during the lease period, Fort Mountain used the strip in a manner so as to actually obstruct ingress and egress by storing lumber on the strip. Thus, there was evidence from which the special master could find that the bounds of the lease impliedly included the strip, see *Concept Capital Corp. v. DeKalb County*, 255 Ga. 452 (1) (339 SE2d 583) (1986), and under such a finding, Fort Mountain's use of the strip did inure to the landlord's benefit.

Further, if, as Fort Mountain contends, the strip appears on a recorded plat as a road, see Division 1, supra, then, as that road has not been accepted by the City, the title to that road would rest in the adjacent lots; i.e., those owned by the Keiths and leased to Fort Mountain. See *Tietjen*, supra at 699 (9). See also *Fessenden v. Parrigin*, 228 Ga. 61, 62-63 (183 SE2d 771) (1971). Thus, Fort Mountain's lease of those lots would include the strip.

3. Finally, Fort Mountain contends that the Keiths failed to show adverse possession because they failed to show a chain of title sufficiently far into the past.[2] However, it did not raise this issue until its amended motion for new trial and appellate review is waived. See *Williamson v. Harvey Smith, Inc.*, 246 Ga. App. 745, 747-748 (2) (542 SE2d 151) (2000); *KDS Properties v. Sims*, 234 Ga. App. 395, 399 (4) (506 SE2d 903) (1998). When, as here, no demand for a jury trial is made, the special master is the finder of fact. See OCGA § 23-3-66; *Thornton v. REB Properties*, 237 Ga. 59 (226 SE2d 741) (1976). Fort Mountain had the obligation to put factual issues, such as the one it now asserts, before the factfinder; it is axiomatic that a party cannot ignore during trial what it thinks to be error, take its chance on a favorable outcome, and complain later. *Rowe v. State*, 266 Ga. 136, 137 (2) (464 SE2d 811) (1996); *Bolden v. Carroll*, 239 Ga. 188 (1) (236 SE2d 270) (1977).

---

[2] The Keiths' deeds were dated between 1986 and 1996. One deed referred to the estate of A. J. Keith, and there was testimony that all the Keith deeds ultimately arose from that source.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 28, 2002.

*McCamy, Phillips, Tuggle & Fordham, James H. Phillips*, for appellant.

*Minor, Bell & Neal, Stephen B. Farrow, Christopher M. Clements*, for appellees.