A04A1431. T. C. PROPERTY MANAGEMENT, INC. et al. v. TSAI et al.

(600 SE2d 770)

ELDRIDGE, Judge.

This is an appeal from a judgment entered on a jury verdict finding, inter alia, a breach of fiduciary duty and awarding damages for the breach in the amount of $177,500. No challenge is made as to the issue of liability; the sole claim on appeal is that plaintiffs failed to submit probative evidence to support the damage award. Finding this claim to be without merit, we affirm.

Defendant T. C. Property Management, Inc. ("TCPM") was the general partner of Copeland Village Associates, L.P. ("Partnership"), formed for the purpose of managing the Copeland Village Shopping Center ("shopping center"); defendant Ken Chen was president and a shareholder of TCPM; defendants John and May Yang were employed by TCPM to manage the shopping center. TCPM managed the shopping center from approximately 1991 to 2002. Plaintiffs Tina Tsai, Eunice Tsai, Yupi Ling, and Ming Hong Ling ("plaintiffs") were limited partners in the Partnership.

Apparently in 2000, Tina Tsai learned that the balance of one of the loans secured by the shopping center had increased since its execution. Thereafter, despite repeated formal requests, defendants refused to permit her to inspect the Partnership's records. In August 2001, plaintiffs filed a derivative action against TCPM and Chen, seeking inspection of Partnership records and an accounting, and alleging breach of fiduciary duty, fraud, and breach of contract; their complaint was later amended to add John and May Yang as defendants and to reassert claims of breach of fiduciary duty, fraud, and breach of contract.

The case came on for a jury trial in the Superior Court of Gwinnett County. During the course of the trial, plaintiffs called certified public accountant Debra Haines as an expert witness to testify as to the amount of damages incurred by defendants' failure to properly manage the shopping center. No objection was registered as to either Haines' qualification as an expert in cash flow analysis of businesses or her expert testimony about the amount of damages suffered as a result of the defendants' breach of fiduciary duty, based

upon her cash flow analysis. Haines had prepared spread sheets reflecting her analysis, with notations as to the source of her figures; these documents were provided to defendants pre-trial, and Haines was questioned about the contents during her deposition testimony; no objections or concerns were expressed with regard to the basis upon which Haines arrived at her figures. Haines' analysis was based on the shopping center's tax returns, lease documents, loan histories, mortgage records, balance sheets, income statements, and various other correspondence and documents. Her conclusions were premised upon expected cash flow if TCPM had collected the tenants' rents and expenses as contracted for in their lease documents and deposited such in the Partnership's account; Haines' analysis showed $1.1 million unaccounted for by defendants. Haines testified that the net effect of such loss on the four plaintiffs would be in proportion to their individual partnership interests, which were 12.5 percent each. During defendants' subsequent motion for directed verdict at the conclusion of the plaintiffs' case, no claim was raised as to the basis for Haines' measure of damages nor did defendants contend that plaintiff failed to submit probative evidence of damages. Thereafter, defendants called their own expert who testified as to her own cash flow analysis; in reaching her conclusions, defendants' expert used many of the same documents as Haines. After the close of evidence, the trial court charged the jury on damages, and defendants had no exceptions to the charge.

The jury found for plaintiffs, awarding only nominal damages on plaintiffs' claims of fraud and breach of contract and awarding $177,500, plus attorney fees of $6,400 on plaintiffs' claims relating to breach of fiduciary duty. Judgment was entered on the jury's verdict, and defendants directly appealed from that judgment. *Held*:

Defendants contend that Haines' testimony was "arbitrary and based upon speculation and conjecture" and, thus, provided no factual basis upon which the jury could award damages. We find that defendants' failure to raise this claim in any fashion in the court below, whether by objection, exception, motion for directed verdict, or motion for new trial, waives such claim for purposes of appellate review.[1] Defendants "had the obligation to put factual issues, such as the one it now asserts, before the factfinder; it is axiomatic that a party cannot ignore during trial what it thinks to be error, take its chance on a favorable outcome, and complain later."[2]

---

[1] *Williamson v. Harvey Smith, Inc.*, 246 Ga. App. 745, 747-748 (2) (542 SE2d 151) (2000).

[2] *Fort Mt. Container Corp. v. Keith*, 275 Ga. 210, 212 (3) (564 SE2d 188) (2002); *Hall v. Robinson*, 165 Ga. App. 410, 412 (3) (300 SE2d 521) (1983).

Moreover, the question of damages is ordinarily one for the jury.[3] With regard to a breach of fiduciary duty,

> [w]hile . . . mere difficulty in fixing the exact amount would not prevent recovery, the rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages.[4]

Here, both plaintiffs and defendants introduced expert testimony based upon an individual cash flow analysis that employed almost the same documentation. A cash flow analysis is a valid method upon which a jury may reasonably calculate the amount of damage attributable to a breach.[5] The jury's award was well "within the range of evidence and testimony presented by [plaintiffs' expert]."[6] Accordingly, we do not find error in the amount of damages awarded.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JUNE 9, 2004.

*Raley & Sandifer, G. Brian Raley,* for appellants.
*Chesnut, Livingston & Pye, Tom Pye,* for appellees.

---

[3] OCGA § 51-12-12 (a).

[4] (Citations and punctuation omitted.) *Holland v. Holland Heating &c.*, 208 Ga. App. 794, 797 (2) (432 SE2d 238) (1993).

[5] See *Carter v. Murphey*, 241 Ga. App. 340, 344 (2) (526 SE2d 149) (1999); *Holland v. Holland Heating &c.*, supra at 796.

[6] *Carter v. Murphey*, supra.