A05A1921. DUKE v. S & J MARBLE.
(626 SE2d 507)

MILLER, Judge.

John Duke brought this ejectment action against S & J Marble (S & J), alleging that S & J's building encroached on his property. A jury found for S & J, and Duke now appeals, claiming that the evidence was insufficient to support the jury's verdict, and that the trial court erred in its handling of evidence, its charge to the jury, and its denial of the jury's request to visit the property. We find no error and affirm.

Viewed in the light most favorable to the verdict, the evidence shows that S & J purchased a lot in a Henry County industrial park and erected a building there. The lot, Number 20, had been previously owned by Duke, and was next to one retained by Duke. Both the deed under which Duke originally obtained Lot 20 and the deed under which S & J later obtained the same lot referenced a legal description contained in the original subdivision plat.

Duke brought an ejectment action claiming that S & J's new building encroached on his property. At trial, Duke introduced a new survey purporting to prove the encroachment. A jury returned a verdict in favor of S & J, and Duke's motions for judgment notwithstanding the verdict and for new trial were denied.

1. On appeal from the denial of a motion for new trial on the general grounds, an appellate court "can only review the evidence to determine if there is any evidence to support the verdict." (Citation and punctuation omitted.) *Jackson v. Tolliver*, 277 Ga. 58, 59 (1) (586 SE2d 321) (2003). Accordingly, we must decide whether the evidence, when construed most favorably to S & J, demanded a finding that its building encroached on Duke's property. See id.

Here, S & J presented evidence that its survey was consistent with that in the original subdivision plat, and that its building was constructed within the boundaries shown in both surveys. Thus there was evidence to support the jury's verdict. See *Banks v. Myrick*, 149 Ga. App. 252, 253 (253 SE2d 873) (1979) (evidence that boundary line indicated in appellee's survey was consistent with ancient landmarks was sufficient to support the verdict in appellee's favor); *Overstreet v. Dixon*, 107 Ga. App. 835, 839 (3) (131 SE2d 580) (1963) (oral testimony concerning survey can stand alone as evidence of survey's results).

2. Duke also argues that the trial court erred when it allowed S & J to withhold certain evidence from the jury, when it charged the jury concerning the means of establishing ownership of the property, and when it refused the jury's request, made after they had begun deliberations, to view the site. Duke made no objection concerning any of these matters at trial, however, and also failed to raise any such arguments in his motions for new trial. Thus there is nothing for us to review on appeal. See *T. C. Property Mgmt. v. Tsai*, 267 Ga. App. 740, 741 (600 SE2d 770) (2004) (failure to raise issue by objection or in motion for new trial waives argument on appeal); see also *Smith v. Curtis*, 226 Ga. App. 470-471 (1) (486 SE2d 699) (1997) (failure to object to omission of requested charge); *Sims v. Majors*, 178 Ga. App. 679, 681 (3) (344 SE2d 501) (1986) (failure to object to irregularities concerning jury view during trial).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 4, 2006 —
RECONSIDERATION DENIED JANUARY 24, 2006 — ▮▮▮▮▮▮▮

*William A. Wehunt*, for appellant.
*Smith, Welch & Brittain, William A. White*, for appellee.