A05A2209. COLUMBUS TRANSMISSION COMPANY v. MURRY.
(626 SE2d 202)

MIKELL, Judge.

Freddie Murry sued Columbus Transmission Company ("Columbus"), ABC Corporation, Inc., Unidentified Corporation d/b/a Columbus Transmission Company, and Ed Dobson, asserting various claims related to the negligent repair of his van. Dobson was personally served, both in his individual capacity and as Columbus' registered agent and sole shareholder. Dobson filed a single answer on behalf of himself and the corporation. The trial court granted Murry's motion to strike Columbus' pro se answer and instructed defendants that Columbus was in default. Murry subsequently dismissed all defendants except Columbus. Following a hearing on damages, the trial court entered judgment against Columbus and awarded Murry $8,275 in actual damages, $1,000 for attorney fees, and $8,275 in punitive damages. Columbus appeals this judgment, and the trial court's earlier order granting Murry's motion to strike. For the reasons which follow, we affirm.

1. In its first and third enumerations of error, appellant contends that the trial court erred in striking its answer and entering a default

---

Ga. 819, 826 (427 SE2d 248) (1993) (Sears, J., dissenting).

[6] See OCGA § 17-10-6 (a); *Warren v. State*, 204 Ga. App. 191 (418 SE2d 783) (1992).

judgment, and in prohibiting appellant and/or Dobson from participating in the damages hearing. Though appellant's brief is somewhat unclear, appellant appears to argue that Dobson should be entitled to represent Columbus' interests because, as Columbus' sole shareholder, he is most affected by the outcome of the lawsuit. Because these enumerations are closely related, we will address them together.

Though we recognize Dobson's right to defend himself, his property and his family, appellant's argument fails. "In this state, only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record, including any proceeding that may be transferred to a court of record from a court not of record."[1] Since Columbus is a corporation and can be represented in a court of record only by a licensed attorney, the answer filed by Dobson, insofar as it purported to answer on behalf of Columbus, was defective. Moreover, "[h]aving accepted the benefits of incorporation [i.e., protection of individual shareholders from personal liability], a corporation must also accept the burdens, including the need to hire counsel to sue or defend in court."[2] The trial court did not err in striking Columbus' answer and entering a default judgment.

For a similar reason, the trial court did not err in allegedly[3] prohibiting Dobson and/or Columbus from participating in the damages hearing. As discussed above, Dobson was not authorized to represent Columbus at the hearing, and Columbus was not authorized to appear pro se. Moreover, since Murry dismissed Dobson from the suit one month before the hearing, Dobson was not entitled to represent himself individually.

2. Appellant next argues that the trial court erred in not processing its "Appeal to the Superior Court" of the order to strike. Appellant contends that the state court failed to transmit the record to the superior court within ten days as required by OCGA § 5-3-21. Because the superior court does not have appellate jurisdiction over rulings by the state court, this enumeration fails.[4]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

---

[1] (Citation omitted.) *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805-806 (2) (485 SE2d 22) (1997), overruling *Universal Scientific v. Wolf*, 165 Ga. App. 752 (302 SE2d 616) (1983); *Knickerbocker Tax Systems v. Texaco*, 130 Ga. App. 383 (203 SE2d 290) (1973); *Dixon v. Reliable Loans*, 112 Ga. App. 618 (145 SE2d 771) (1965).

[2] (Citation and punctuation omitted.) *Eckles*, supra at 805 (2).

[3] There is no record of the hearing and nothing in the record that would indicate that the trial court did not allow Dobson and/or Columbus to participate.

[4] See OCGA § 15-6-8 (3).

DECIDED JANUARY 17, 2006.

Ed Dobson, *pro se.*
*Gary O. Bruce*, for appellee.