A07A0132. YETMAN v. WALSH et al.
(639 SE2d 491)

BLACKBURN, Presiding Judge.

Hazel Yetman appeals a probate court's order granting her daughter and son-in-law's petition to appoint a conservator over Yetman's assets. Yetman claims that no clear and convincing evidence supported the court's finding that she was incapable of managing her property and that the court erred in its pre-trial ruling that there was probable cause to believe she could not manage her property. As Yetman has chosen not to include the transcript of the evidence in the appellate record, and as any pre-trial ruling on Yetman's capabilities is now, after a trial determining the matter, harmless if not moot, we affirm.

---

1. Following an evidentiary hearing, the probate court found that based on clear and convincing evidence, including profound discrepancies in Yetman's testimony, Yetman suffered from gravely-impaired judgment, which combined with her physical frailty and impaired vision made her vulnerable to exploitation by a new person who was now living in her household. The court concluded that she lacked sufficient understanding to make significant responsible decisions concerning the management of her property and accordingly appointed a conservator over that property. See OCGA §§ 29-5-1 (a); 29-5-12 (d) (4).

Yetman challenges the sufficiency of the evidence underlying these findings of fact. But Yetman has failed to include a transcript of the evidentiary hearing in the appellate record. Indeed, in her notice of appeal, she asked only that the clerk "not omit anything from the record on appeal," which request did not address the need for or the presence of a transcript in the record. See *Moore v. Morgan*.[1] "The specification that 'nothing' is to be omitted from the record would not infer that the transcript is to be included, since the appellant is required to state whether the transcript will be filed, in addition to designating any portion of the record to be omitted." *Steadham v. State of Ga.*[2] See OCGA § 5-6-37; *Tempo Carpet Co. v. Collectible Classic Cars of Ga.*[3]

The record in this case does not contain a transcript of the evidence adduced upon the trial, and the clerk of the probate court certified that the record forwarded to this Court was a complete copy of the record in the case. See *Beasley v. Lamb*.[4] "The burden is upon the party assigning error to show it affirmatively by the record. Where no transcript is included in the record on appeal[,] we must assume that the evidence was sufficient to support the judgment." (Citation and punctuation omitted.) *Moore*, supra, 162 Ga. App. at 639. See *Gary v. Weiner*[5] (sustaining probate order appointing guardian).

2. Yetman contends that the probate court erroneously ruled in a pre-trial order that there was probable cause to believe that Yetman could not manage her property. Because a trial ensued on this very issue, any error in the court's ruling is now harmless if not moot.

In a conservatorship proceeding, OCGA § 29-5-12 (a) requires the probate court, in a pre-trial context, to review the verified pleadings and an expert's evaluation report to determine whether

---

[1] *Moore v. Morgan*, 162 Ga. App. 639 (292 SE2d 514) (1982).

[2] *Steadham v. State of Ga.*, 224 Ga. 78, 80 (1) (159 SE2d 397) (1968).

[3] *Tempo Carpet Co. v. Collectible Classic Cars of Ga.*, 166 Ga. App. 564 (305 SE2d 26) (1983).

[4] *Beasley v. Lamb*, 227 Ga. 266, 268 (2) (180 SE2d 240) (1971).

[5] *Gary v. Weiner*, 233 Ga. App. 284, 285 (2) (503 SE2d 898) (1998).

there is probable cause to support a finding that the proposed ward is in need of a conservator. If the court finds there is probable cause, it then schedules an evidentiary hearing on the petition.[6] Yetman claims that the probate court erred in finding, based on the pleadings and the evaluation report here, that there was the requisite probable cause.

Similar to a ruling on a motion for summary judgment in a civil action, a ruling on whether probable cause exists to proceed in a conservatorship proceeding is a pre-trial procedure that is designed to ferret out meritless claims without the expense and trouble of a trial. This purpose in the summary judgment context, however, is "not to upset a verdict authorized by the evidence merely because at a previous stage of the case a finding may not have been authorized in accordance with such verdict." *Hill v. Willis*.[7] Thus, the denial of summary judgment, even though such may have been erroneous because of deficiencies in the evidence before the court at that time, becomes harmless error if not moot once a trial has occurred in which plaintiff presented evidence supporting the necessary elements of the petition or complaint. Id. at 267 (2); *Kicklighter v. Woodward*[8] ("[a]fter verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case") (punctuation omitted). See *DI Uniform Svcs. v. United Water Unlimited Atlanta*.[9]

Similarly, we hold that a probate court's pre-trial decision finding probable cause under OCGA § 29-5-12 (c) and ordering a conservatorship action to proceed to trial is not reviewable on appeal once the trial has occurred in which (as here) the evidence supported an order of conservatorship. Any error in the pre-trial ruling is harmless if not moot, especially where the appellant has failed to include the transcript of the evidence in the appellate record before this Court. See *Self v. Hall*;[10] *First Financial Ins. Co. v. Mathis*.[11]

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED NOVEMBER 20, 2006.

---

[6] OCGA § 29-5-12 (c).

[7] *Hill v. Willis*, 224 Ga. 263, 266 (2) (161 SE2d 281) (1968), overruled in part on other grounds, *Jebco Ventures v. City of Smyrna*, 259 Ga. 599, 601 (1) (385 SE2d 397) (1989).

[8] *Kicklighter v. Woodward*, 267 Ga. 157, 162 (5) (476 SE2d 248) (1996).

[9] *DI Uniform Svcs. v. United Water Unlimited Atlanta*, 254 Ga. App. 317, 318 (1) (562 SE2d 260) (2002).

[10] *Self v. Hall*, 233 Ga. App. 330, 331 (503 SE2d 918) (1998).

[11] *First Financial Ins. Co. v. Mathis*, 214 Ga. App. 537, 538-539 (448 SE2d 87) (1994).

*A. Lee Hayes*, for appellant.
*Hall & Williamson, Michael C. Hall*, for appellees.