A06A2459. ALMOND et al. v. McCRANIE.
(643 SE2d 535)

MILLER, Judge.

Carol J. McCranie sued Charles T. Almond, individually ("Almond"), and Charles T. Almond Taxpayer's Clinic, Inc. (the "Clinic," or collectively, "Appellants") for breach of contract, breach of fiduciary duty, and fraud in representing her before the Internal Revenue Service ("IRS") as to a federal tax lien against her for unpaid taxes. Following a jury trial, the trial court entered judgment on the jury's verdict against the Clinic for breach of contract and against Almond for fraud.

---

[3] Id.
[4] *Fain v. State*, 211 Ga. App. 399, 401-402 (2) (a) (439 SE2d 64) (1993).

The Appellants appeal from the denial of their motion for new trial, contending that the evidence was insufficient to support the jury's verdict. Discerning no error, we affirm.

Under these circumstances,

> our review is limited to determining whether there was any evidence to support the verdict. *Adler v. Adler*, 207 Ga. 394, 405 (7) (61 SE2d 824) (1950). It is of no consequence on review of the denial of a motion for new trial based on the sufficiency of the evidence that the evidence adduced at trial would have authorized a verdict for either party. A reviewing court must view the evidence in a light most favorable to upholding the jury's verdict and any evidence which supports the jury's verdict is sufficient to sustain the trial court's denial of a motion for new trial based on the sufficiency of the evidence. *Stubbs v. Harmon*, 226 Ga. App. 631, 632 (1) (a) (487 SE2d 91) (1997).

(Citations and punctuation omitted.) *High v. Parker*, 234 Ga. App. 675, 676 (1) (507 SE2d 530) (1998); see also *Duke v. S & J Marble*, 277 Ga. App. 331 (1) (626 SE2d 507) (2006).

So viewed, the evidence shows that McCranie, a professional photographer, failed to file income tax returns in the period 1988 through 1997. As a consequence, the IRS filed substitute tax returns during the years of her tax delinquency based on its data as to the average income of photographers nationally, and, in January 1997, filed a tax lien against her in excess of $128,000.

McCranie contacted the Clinic in an effort to extricate herself from her IRS difficulties, and, on July 8, 1998, she and the Clinic entered into a Retainer Agreement (the "Contract"). Therein, the Clinic agreed to "insulate her from further contact with [the IRS] during [its] representation . . . [and to] secure a formal or informal settlement with [the IRS] incorporating your selected plan of resolution."

1. The Clinic contends that the evidence was insufficient to support the jury's verdict against the Clinic for breach of contract. We disagree.

McCranie's expert witness testified that his examination of her IRS account reflected no evidence that the tax lien against her had been discharged, whether by formal or informal settlement. McCranie testified that she was unaware of any settlement of her case with the IRS, and Almond conceded that "no adjustment [had been] made to her [IRS] account as of the day that [the Clinic was] terminated." This evidence was sufficient to support the jury's verdict as to breach of contract for lack of any settlement with the IRS

"incorporating [her] selected plan of resolution." As a result, the trial court did not err in denying the Appellants' motion for a new trial on McCranie's breach of contract claim.

2. The Appellants also challenge the jury's verdict against Almond upon McCranie's fraud claim, arguing that there is no evidence of an intent to deceive in that the Contract stated that the Clinic "made no guarantee regarding the successful resolution of [the] case," and that all its representations relative thereto constituted "the [Clinic's] opinion only." This enumeration of error is likewise without merit.

The tort of fraud consists of five elements: (1) false representation by the defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) resulting damage to the plaintiff. *Klusack v. Ward*, 234 Ga. App. 178, 179 (1) (507 SE2d 1) (1998). Given that

> fraud is inherently subtle, slight circumstances of fraud may be sufficient to establish a proper case. Proof of fraud is seldom ever susceptible of direct proof, thus recourse to circumstantial evidence usually is required. Moreover, it is peculiarly the province of the jury to pass on these circumstances showing fraud. Except in plain and indisputable cases, scienter in actions based on fraud is an issue of fact for jury determination. (Citations and punctuation omitted[.]) *Lloyd v. Kramer*, 233 Ga. App. 372, 373 (1) (503 SE2d 632) (1998).

(Emphasis omitted.) *Quill v. Newberry*, 238 Ga. App. 184, 189 (1) (b) (518 SE2d 189) (1999). Moreover, a corporate officer who takes part in the commission of a tort committed by the corporation is personally liable therefor. *Jennings v. Smith*, 226 Ga. App. 765, 766 (1) (487 SE2d 362) (1997).

Here, there was evidence that Almond repeatedly falsely represented to McCranie that an IRS ruling classifying her as an employee rather than as an independent contractor and filing amended tax returns would discharge the tax lien against her and entitle her to "almost a $4,000 refund"; that, despite Almond's testimony to the contrary, McCranie's expert witness opined that satisfaction of the foregoing procedure would not result in "discharge," allowing the jury to infer the falsity of Almond's representations to such effect; that Almond induced McCranie's reliance upon his expertise in resolving the sort of tax problem she presented by advertisement; that in reliance upon Almond's advice, McCranie signed amended tax returns that he failed to file; and that McCranie's damages included the $5,000 retainer fee she paid Almond for his services and IRS penalties

and interest of $37,000 that accrued against her during the time Almond represented her.

Such evidence, viewed in the light most favorable to the jury's verdict, was sufficient to support its verdict on McCranie's claim of fraud. *Quill*, supra, 238 Ga. App. at 189 (1) (b); *Jennings*, supra, 226 Ga. App. at 766 (1). Accordingly, the trial court did not err in denying the Appellants' motion for a new trial as to McCranie's claim of fraud on such account.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 6, 2007.

*King, King & Jones, David H. Jones*, for appellants.
*Finch, McCranie, Brown, Hendrix & Sullivan, Richard W. Hendrix*, for appellee.