## A09A1075. HEATH et al. v. BEECH.
### (686 SE2d 283)

PHIPPS, Judge.

Judi Beech brought suit against R & A Properties, Inc. and its sole stockholder, Richard T. Heath, Jr. Heath and R & A Properties filed a joint answer signed only by Heath, who was not a licensed attorney. The trial court granted Beech's motion to strike the answer as to R & A Properties, and it entered a default judgment against R & A Properties. Subsequently, Heath obtained counsel but did not appear for trial on the claims against him. The court conducted a bench trial in his absence and entered judgment against Heath. Heath and R & A Properties appeal, and for the following reasons we affirm.

1. R & A Properties contends that the court erred in striking its answer and entering a default judgment. We review rulings on motions to strike and for entry of default judgment for abuse of discretion.[1]

"In this state, only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record."[2] Thus, Heath was not permitted to file an answer on behalf of the corporation, R & A Properties, and the court was authorized to strike the answer and to grant the default judgment.[3]

R & A Properties argues that, because Beech did not move to strike the answer until several months after the statutory period had passed for opening a default,[4] under the doctrine of laches its answer should not have been stricken. We find no merit in this contention. The record shows that, after Beech filed the motion to strike the answer, a month passed before the court granted the motion and entered the default judgment against R & A Properties. During this time, R & A Properties could have moved to open the default under OCGA § 9-11-55 (b), but did not do so. Under these circumstances, we find inapposite the cases cited by R & A Properties for the proposition that courts should liberally apply the rules regarding

---

[1] See *Edenfield & Cox, P.C. v. Mack*, 282 Ga. App. 816 (640 SE2d 343) (2006).

[2] *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997).

[3] See *Columbus Transmission Co. v. Murry*, 277 Ga. App. 243, 244 (1) (626 SE2d 202) (2006) (answer filed pro se by individual on behalf of corporation was properly stricken and default judgment properly granted).

[4] See OCGA § 9-11-55 (a).

opening a default.[5]

2. Heath contends that he was not adequately notified of his trial date, and that thus the court erred in proceeding with the trial in his absence and entering a judgment against him. The record lacks evidence to support Heath's allegations in his appellate brief for this claim of error; counsel's assertion of these facts in a motion, without a supporting affidavit or other competent evidence, is insufficient.[6] As to the court's findings of fact and conclusions of law on the merits of Beech's claim against Heath, where, as here, "no transcript is included in the record on appeal, we must assume that the evidence was sufficient to support the judgment."[7]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 19, 2009 —
RECONSIDERATION DENIED NOVEMBER 5, 2009

*McKoon, Thomas & McKoon, Joshua R. McKoon*, for appellants.
*Michael E. Garner*, for appellee.

---

[5] See *Rogers v. Coronet Ins. Co.*, 206 Ga. App. 46, 48-49 (2) (424 SE2d 338) (1992) (concerning motion to open default under OCGA § 9-11-55 (b)).

[6] See *Dept. of Human Resources v. Allison*, 276 Ga. 175, 178 (575 SE2d 876) (2003) (appellant bears burden of showing error by the record); *Rogers*, supra at 47 (1) (factual assertions in briefs not supported by the evidence of record cannot be considered on appellate review); *Duval v. Kidder*, 191 Ga. App. 856, 857 (383 SE2d 356) (1989) (mere assertions in a pleading by counsel are not competent evidence).

[7] *Yetman v. Walsh*, 282 Ga. App. 499, 500 (1) (639 SE2d 491) (2006) (citation and punctuation omitted).

