**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**January 21, 2015**

**NOT TO BE OFFICIALLY REPORTED**

# In the Court of Appeals of Georgia

A14A1765. CHERWONUK v. KINKER f/k/a CHERWONUK.

BRANCH, Judge.

Guy Cherwonuk appeals from the trial court's order dismissing his petition for modification of custody. He contends that the trial court erred by concluding that he had not presented a material change of circumstances and by ruling that Georgia is a forum non conveniens for the custody dispute. The trial court dismissed the petition based on its conclusion that Cherwonuk was attempting to re-litigate the same issues that had been considered in an earlier action. Because Cherwonuk has failed to provide a sufficient record to allow us to review the trial court's ruling, we affirm.

On appeal, we review the trial court's grant of a motion to dismiss de novo and construe the pleadings in favor of the party who filed them. *Scott v. Scott*, 311 Ga. App. 726, 727 (1) (716 SE2d 809) (2011). According to Cherwonuk's current petition

for modification of custody, he and Kinker were divorced on January 5, 2011, when a final judgment and decree of divorce was entered in Fulton County. The decree awarded custody of their three children to Kinker. Cherwonuk subsequently filed a petition for modification of custody. Following a June 22, 2012 evidentiary hearing, a Fulton County judge issued an order granting Kinker primary physical custody of the children and permitting Kinker to relocate to Chattanooga, Tennessee.

On July 18, 2013, Cherwonuk filed the current petition for modification of custody, alleging that there had been a material change of circumstances that affected the welfare of the children. Specifically, Cherwonuk claimed that Kinker had moved the children to Tennessee and enrolled them in schools that do not address the children's educational and extracurricular needs. Kinker filed a motion to dismiss the petition for failure to state a claim or, in the alternative, a motion to transfer the case to Tennessee based on forum non conveniens. After reviewing the record, in an order entered on February 10, 2014, the trial court granted the motion to dismiss based on its finding that Cherwonuk was "attempting to re-litigate the same issues that were considered in the June 22, 2012 hearing, that is, that the Chattanooga schools the children would be attending are not as strong as the schools in Georgia." The trial court noted in its order that the June 22, 2012 hearing included testimony from the parties, an educational expert, and a guardian ad litem on the issue of Kinker moving

2

the children to Chattanooga, and that the court had also considered evidence regarding the quality of the schools in Chattanooga.[1]

Cherwonuk challenges the trial court's dismissal of his petition, but failed to include in the appellate record a transcript of the June 22 hearing that formed the basis for the court's ruling. OCGA § 5-6-37 requires the appellant to state in the notice of appeal "whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." See *Yetman v. Walsh*, 282 Ga. App. 499, 500 (1) (639 SE2d 491 (2006) (appellant is required to state whether transcript will be filed and specification that "nothing" is to be omitted from the record would not imply that transcript is to be included) (citation omitted).[2]

---

[1] The trial court also concluded that Georgia was a forum non conveniens, but we need not consider that ruling here.

[2] In his initial notice of appeal, Cherwonuk requested that the clerk transmit the entire record, including transcripts of all motions or hearings. He then filed an amended notice of appeal, requesting that the clerk transmit the record in its entirety and stating that there were "no trial transcripts to be transmitted." Kinker subsequently filed a designation of the records to be transmitted on appeal in the trial court, specifically requesting that all transcripts in all companion cases be included. Cherwonuk responded with a motion in which he stated that his amended notice of appeal requested that no trial transcripts be transmitted because no hearing had taken place in this case that could have resulted in a transcript. In her appellate brief, Kinker points out that Cherwonuk has failed to include a transcript of the June 22 hearing where the court addressed the same issues that he raises here. Cherwonuk does not address this point in his reply brief.

As the appellant, Cherwonuk has the burden of showing error affirmatively by the record. *Yetman*, supra, 282 Ga. App. at 500. "Where the appellant fails to provide a transcript from which this court may determine the existence of the alleged error, this court has nothing to review. Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." *Barnwell v. TPCII, LLC.*, 295 Ga. 153, 154 (758 SE2d 281) (2014) (citations and punctuation omitted).

Determining whether the trial court properly dismissed Cherwonuk's petition for modification on res judicata grounds requires us to examine the issues raised in the prior action. "Generally speaking, the doctrine of res judicata forbids the litigation of a dispute that already has been litigated by the same parties and decided." *Bates v. Bates*, 317 Ga. App. 339, 342 (730 SE2d 482) (2012) (citation and punctuation omitted). See also OCGA § 9-12-40 ("A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."). Without the June 22 hearing transcript, we cannot assess whether the trial court erred by finding that the issues raised in Cherwonuk's current petition for

modification were raised or could have been raised in the prior action. We must therefore assume "that there was sufficient competent evidence to support the trial court's findings." *Popham v. Yancey*, 284 Ga. 467, 468 (667 SE2d 353) (2008) (citation omitted). Accordingly, the judgment below is affirmed.

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur*.