**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 23, 2024**

# In the Court of Appeals of Georgia

A24A1015. DAL MOTORS, INC. et al v. OROSCO.

MERCIER, Chief Judge.

Juliza Orosco filed the underlying lawsuit against Dal Motors, Inc., Adam Suliman, Anthony Slocumb and Ayana Grice regarding a vehicle she purchased from Dal Motors, alleging violations of the Fair Business Practices Act, failure to transfer the vehicle's title and fraud. Following a trial, the jury awarded Orosco $39,760 against Suliman, $34,760 against Dal Motors, $5,000 against Slocum, and $10,000 "against all three of these [d]efendants . . . for punitive damages."[1] Dal Motors and Suliman filed this appeal, arguing that the trial court erred by striking Dal Motors'

---

[1] The jury found no liability against Grice, and she is not a party to the appeal. Slocum, who was not present at trial, is also not a party to this appeal.

answer and that the evidence was insufficient to find Suliman personally liable. Finding no error, we affirm.

1. As an initial matter, Dal Motors and Suliman argue that the trial court erred by striking DAL Motors' answer "[w]ithout [p]roviding them with [p]roper [n]otice of the [i]ssue and an [o]pportunity [to] [c]ure [s]ame." We disagree.

Suliman, owner and president of Dal Motors, filed an answer on behalf of himself and Dal Motors. However, Suliman is not a licensed attorney. "Since [Dal Motors] is a corporation and can be represented in a court of record only by an attorney, the answer filed by its nonattorney president was defective." *Peachtree Plastics v. Verhine*, 242 Ga. App. 21, 22 (528 SE2d 837) (2000); see *Eckles v. Atlanta Tech. Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997) (in Georgia, "only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record").

Orosco filed a motion to dismiss Dal Motors' answer because the answer was not filed by an attorney.[2] Approximately two months later, when no attorney had

[2] The motion stated that Orosco served copies of the motion on the opposing parties by "statutory electronic service." While DAL Motors claims, in its appellate brief, that it did not receive copies of the motion or brief, it concedes that there is no record of this in the trial court. "[C]ounsel's assertion of these facts . . . without a

appeared or filed a pleading on behalf of Dal Motors, the trial court granted the

motion, struck Dal Motors' answer, and ordered that Dal Motors was in default as to

liability.[3]

Dal Motors argues that it "did not receive notice that it could not represent

itself in the lawsuit." However, there is no requirement that the trial court inform

corporate officers that a corporation must be represented by an attorney licensed in

Georgia. See *Temp-N-Around Med. Resources v. Avondale Joint Venture*, 248 Ga.

App. 231, 231 (1) (546 SE2d 23) (2001). Moreover, even if such notice were required,

on April 7, 2022, the trial court issued a pre-trial conference calendar order that

explicitly stated "[c]orporations must be represented by counsel in all actions filed on

or after June 5, 1997," and cited *Eckles*. The court issued orders containing the same

language on June 9, 2022, August 4, 2022, and December 8, 2022. All of the orders

---

supporting affidavit or other competent evidence, is insufficient." *Heath v. Beech*, 300 Ga. App. 756, 757 (2) (686 SE2d 283) (2009). Moreover, Dal Motors failed to make this argument below, and accordingly we will not consider an argument raised for the first time on appeal. See generally *Dept. of Transp. v. Szenczi*, 354 Ga. App. 855, 858 (841 SE2d 228) (2020) (appellant could not raise issue of improper service after filing of notice of appeal).

[3] Dal Motors was unrepresented at trial .

stating that corporations must be represented by counsel were issued prior to Orosco filing the motion for default judgment on March 28, 2023.

While Dal Motors' defective answer "could have been cured as a matter of right before the entry of a pretrial order and thereafter with leave of court before judgment, it was not." *Oxmoor Portfolio v. Flooring & Tile Superstore of Conyers*, 320 Ga. App. 640, 644-645 (2) (740 SE2d 363) (2013); see OCGA § 9-11-55 (a). As the answer was defective, and Dal Motors failed to cure it, the trial court did not err in striking Dal Motors' answer and granting default judgment against Dal Motors as to liability. See *Heath v. Beech*, 300 Ga. App. 756, 756 (1) (686 SE2d 283) (2009) (sole stockholder, who was not a licensed attorney, was not permitted to file an answer on behalf of the corporation, and the trial court did not err in striking the answer and granting default judgment); *Columbus Transmission Co. v. Murry*, 277 Ga. App. 243, 244 (1) (626 SE2d 202) (2006) (default judgment was properly granted when registered agent and sole shareholder filed pro se answer on behalf of corporation).

2. Suliman argues that the judgment against him was unsupported by the evidence, because he could not be held personally liable and Orosco failed to pierce

Dal Motors' corporate veil. As evidence was presented for a jury to find Suliman personally liable, we disagree.

In our review of a jury's verdict for sufficiency of the evidence, we are "limited to determining whether there was any evidence to support the verdict." *Almond v. McCranie*, 283 Ga. App. 887, 888 (643 SE2d 535) (2007) (citation and punctuation omitted). We "must view the evidence in a light most favorable to upholding the jury's verdict[.]" Id. (citation and punctuation omitted).

So viewed, the evidence shows the following. In May 2019, Orosco was working at Uber Eats and at Cash America. She needed a larger vehicle, and she had $1,300 to spend. Orosco began looking at online markets, and she sent a message to Slocumb via Craigslist regarding a Hyundai Santa Fe. Slocumb told Orosco that he worked for Dal Motors, and that "the only thing that would be wrong with the car is that it needed to be, like cleaned, the inside, and that the AC needed a coolant," and that to get the windows to work, Orosco may need to pound on the doors.

Slocumb and Orosco met at a shopping center, where Orosco purchased the Santa Fe for $1,300 on May 29, 2019, and Slocumb gave her what she believed was the

paperwork for the transaction. Further, Slocumb told Orosco that the tags on the car were valid "until the end of October."

Orosco did not drive the vehicle for a while, but then drove it to work on July 27, 2019. While Orosco was driving back to work from her lunch break, she noticed a police car following her. As she pulled into the parking lot, she "was surrounded by squad cars." The officers told Orosco that the vehicle she had been driving was stolen, put handcuffs on her and placed her in the back of a squad car. Orosco called her sister, who brought the bill of sale, and Orosco was eventually released. However, the officers told her that the tag belonged to a different vehicle and took the tag from her vehicle. Orosco had to have the vehicle towed from her work.

After the ordeal, Orosco reached out to Slocumb, who told her that the title "should be in the mail or it should be coming soon." After two or three months, Slocumb told Orosco that he no longer worked for Dal Motors and provided her with Suliman's contact information. Orosco called Suliman multiple times and told him that she bought a car from Slocumb. While many of her calls to Suliman went unanswered, eventually Suliman told Orosco that he did not know the details of the

6

transaction she made with Slocumb, and he requested additional money for the title.[4] Suliman also told Orosco that, in order for him to register the vehicle, she would need to "repay him for the whole registration and the taxes."

Orosco went to "the tag office," but she was told that Dal Motors had a lien on the vehicle. She eventually paid Suliman an additional $160 in December and obtained a temporary tag. However, Orosco never received a title to the vehicle unencumbered by a lien. Thereafter, Orosco was able to drive the car for roughly a week before it "broke down" on her. It cost Orosco approximately $1,700 to repair the vehicle.

In her complaint, Orosco alleged that Suliman committed fraud by "misrepresenting that [Orosco] had to pay him additional money to 're-register' the vehicle to him in order to receive the title to the vehicle" and that, even after she paid Suliman the money, she never received proper title for the vehicle. "The tort of fraud consists of five elements: (1) false representation by the defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) resulting damage to the plaintiff." *Almond*, 283 Ga. App. at 889 (2).

---

[4] At trial, Suliman conceded that Slocumb bought and sold vehicles on behalf of Dal Motors.

Given that fraud is inherently subtle, slight circumstances of fraud may be sufficient to establish a proper case. Proof of fraud is seldom ever susceptible of direct proof, thus recourse to circumstantial evidence usually is required. Moreover, it is peculiarly the province of the jury to pass on these circumstances showing fraud. Except in plain and indisputable cases, scienter in actions based on fraud is an issue of fact for jury determination.

Id. (citation and punctuation omitted).

When a tort, such as fraud, is alleged to have been performed by an officer of a corporation, the officer who takes part in the commission of the tort can be held personally liable. See *Woodstone Townhouses, LLC v. Southern Fiber Worx*, 358 Ga. App. 516, 536 (5) (d) (885 SE2d 719) (2021). However, "an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or cooperated therein." Id. (citation and punctuation omitted). A corporate officer's liability does not depend on whether he or she acted on their own behalf, or on behalf of the corporation, or if the corporation is also found liable. *Alexander v. Hulsey Environmental Svcs.*, 306 Ga. App. 459, 461 (2) (702 SE2d 435) (2010).

Here, the evidence at trial showed that, after Orosco purchased the vehicle from Dal Motors, Suliman told her that she must pay him more money because "that was the procedure" because he had paid "for the title from the auction place." Further, Orosco testified that she paid Suliman the additional money he demanded in order to finally obtain title to the vehicle, but Suliman failed to provide title unencumbered by a lien. Accordingly, there was sufficient evidence for the jury to find Suliman liable for fraud. See *Almond*, 283 Ga. App. at 889 (2) (upheld jury's verdict against individual for fraud, due to evidence of misrepresentations he made to the plaintiff in relation to the tax services provided by the corporation); *Jennings v. Smith*, 226 Ga. App. 765, 767-768 (2) (487 SE2d 362) (1997) (reversed summary judgment grant to a corporate officer, finding issues of material fact as to whether he could be held personally liable for fraudulent concealment because he specifically directed or participated in the construction and repairs performed by the construction company).

*Judgment affirmed. McFadden, P. J, and Rickman, J, concur.*