A04A1493. STOVALL v. DAIMLERCHRYSLER MOTORS CORPORATION.
(608 SE2d 245)

RUFFIN, Presiding Judge.

This is a product liability action based upon an alleged defect in the cruise control system of Lori Ann Stovall's 1993 Jeep Grand Cherokee (Jeep), which was manufactured by DaimlerChrysler Motors Corporation (Daimler). A jury returned a defense verdict, finding that there was no defect. Stovall appeals, asserting that the trial court erred with respect to several evidentiary rulings. For reasons that follow, we affirm.

The admission or exclusion of evidence is a matter within the discretion of the trial court, and we review evidentiary decisions on an abuse of discretion standard.[1] This is so because

---

[15] See *Hughes v. State*, 228 Ga. 593, 597 (3) (187 SE2d 135) (1972).

[16] See OCGA § 24-10-94.

[17] See *Jones*, supra.

[1] See *Cooper Tire &c. Co. v. Crosby*, 273 Ga. 454, 456-457 (2) (543 SE2d 21) (2001).

trial courts, unlike appellate courts, are familiar with a piece of litigation from its inception, hear first-hand the arguments of counsel, and consider disputed evidence within the context of an entire proceeding. Hence, it is only natural that an appellate court should defer to the trial court with regard to the admission of evidence, unless the lower court's decision is so flawed as to constitute an abuse of discretion.[2]

Here, the evidence shows that on December 24, 1992, Stovall attempted to "inch" her Jeep down a sloped driveway. When she shifted the Jeep into gear, the Jeep suddenly accelerated, striking a tree. Stovall underwent two surgeries as a result of injuries sustained in the collision.

Prior to trial, Stovall filed a motion in limine regarding four anticipated evidentiary issues: (1) the admission of evidence regarding thirteen other sudden acceleration incidents; (2) the exclusion of references to certain governmental reports regarding sudden acceleration, in particular a 1989 National Highway Traffic Safety Administration (NHTSA) report which concluded that sudden acceleration resulted from pedal misapplication rather than a defect; (3) the admission of evidence regarding the government's inquiry into sudden acceleration in Jeeps; and (4) the admission of engineering data collected during Daimler's analysis of sudden acceleration in Jeeps.

The trial court heard this and other motions on February 13 and 14, 2003. The court ruled that (1) all of the other incidents involving sudden acceleration were inadmissible; (2) the governmental reports on sudden acceleration were inadmissible, but that Daimler's experts could refer to those reports during their testimony; (3) evidence of NHTSA's inquiry into sudden acceleration in Jeeps was inadmissible; and (4) the engineering data collected by Daimler during its investigation of sudden acceleration in Jeeps was inadmissible. The trial court subsequently denied Stovall's motion for a new trial.

1. First, Stovall argues that the court erred in excluding the 13 incidents of sudden acceleration in other vehicles. We disagree.

"Similar acts or omissions on other and different occasions are not generally admissible to prove like acts or omissions at a different time or place."[3] However, in product liability cases, an exception to the general rule has developed, and in some cases evidence of other substantially similar incidents involving the product is admissible and relevant to the issues of notice of a defect and punitive damages.[4]

---

[2] Id. at 457.

[3] *Skil Corp. v. Lugsdin*, 168 Ga. App. 754, 754-755 (1) (309 SE2d 921) (1983).

[4] See *Mack Trucks v. Conkle*, 263 Ga. 539, 544 (3) (436 SE2d 635) (1993).

Before admitting evidence of other incidents, however, the proponent of the evidence must prove, and the trial court must determine, that the other incidents are substantially similar to the incident at issue in the trial.[5] And "[t]he showing of substantial similarity must include a showing of similarity as to causation."[6] Without such showing, the evidence is irrelevant as a matter of law.[7]

Here, Stovall's expert testified at the hearing on the motion in limine with respect to the 13 other incidents of sudden acceleration. He identified several defects that can lead to sudden acceleration, including transient signal faults, cross-over circuit faults, ground-loss faults, dump valve inadequacy, hard wire faults and battery/alternator problems. He testified that, in his opinion, cross-over circuit faults were the probable cause of Stovall's collision. Although he testified that the other alleged incidents of sudden acceleration were "substantially similar" to Stovall's, he also admitted that he could not identify the failure mode that caused the other incidents. And Stovall offered no other evidence to establish the cause of the alleged sudden acceleration. Accordingly, the trial court did abuse its discretion in excluding this evidence.[8]

2. Stovall also argues that the trial court erred in allowing the admission of references to a 1989 NHTSA study. According to Stovall, "none of the vehicles studied was shown to have a design which was substantially similar to the Grand Cherokee." Although Daimler did not seek to introduce the NHTSA report, one of its experts referred generally to the study in explaining how he reached his conclusions.

Expert witnesses may rely upon scientific works and government reports in forming their opinions about matters at issue in a case.[9] And here, Daimler's expert testified merely that NHTSA had investigated claims of unintended acceleration in another make and model vehicle and that he "considered" the conclusions reached in the study, which were consistent with his own conclusions. Under these circumstances, the court did not abuse its discretion in permitting the expert to testify in this regard.[10]

3. Stovall also argues that the trial court erred in excluding correspondence indicating that Daimler did not produce certain documents to NHTSA in response to NHTSA's investigation into sudden acceleration in Jeeps. Specifically, Stovall argues that two

---

[5] See *Crosby*, supra at 455 (1).

[6] Id.

[7] See *Gen. Motors Corp. v. Moseley*, 213 Ga. App. 875, 877 (1) (447 SE2d 302) (1994).

[8] See *Crosby*, supra at 455-456 (1).

[9] See *Williamson v. Harvey Smith, Inc.*, 246 Ga. App. 745, 748-749 (4) (542 SE2d 151) (2000).

[10] See id.

documents, a service manual and an analysis of failure modes, were not submitted to NHTSA, and that this shows that Daimler was trying to conceal a defect. Given that Stovall was proceeding solely on a claim of strict product liability, the trial court excluded the correspondence regarding these documents as irrelevant.

Pretermitting whether the two documents were properly withheld from NHTSA, we fail to see how the correspondence regarding them is relevant given that Stovall's expert admitted that the documents did not address the failure mode he contends caused the collision. Moreover, the two documents themselves were admitted into evidence. Thus, the trial court did not abuse its discretion in excluding the correspondence regarding them.[11]

4. Finally, Stovall argues that the court erred in excluding evidence of statistical data of complaints made to Daimler concerning sudden acceleration. Again, however, Stovall failed to show any similarity among the complaints represented by the data and Stovall's alleged defect. Thus, the trial court did not err in excluding this evidence.[12]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED NOVEMBER 16, 2004 —
RECONSIDERATION DENIED DECEMBER 8, 2004.

*Masters & Taylor, Christopher L. Brinkley, Stites & Harbison, J. D. Humphries III*, for appellant.

*Swift, Currie, McGhee & Hiers, Mary D. Owens, Bradley S. Wolff*, for appellee.

---

[11] See *Crosby*, supra at 456-457 (2).
[12] See id.; *Ray v. Ford Motor Co.*, 237 Ga. App. 316, 317-319 (1) (514 SE2d 227) (1999).