A06A0816. COLP et al. v. FORD MOTOR COMPANY.
(630 SE2d 886)

MIKELL, Judge.

Nancy Colp ("Colp") and her since-deceased husband, Leonard Eugene Colp ("Leonard"), filed a products liability action in 1996[1] alleging that Ford Motor Company ("Ford") defectively designed a sliding door on an Aerostar minivan. The door fell off during a crash and Leonard was ejected, suffering severe brain damage. We granted Colp's application for interlocutory appeal to determine whether the trial court erred in granting Ford's motion to exclude evidence of 37 other incidents allegedly similar to the crash in which Colp's husband was injured. Finding no abuse of discretion in the trial court's determination that the proffered incidents did not meet the test of substantial similarity as set out in *Cooper Tire & Rubber Co. v. Crosby*,[2] we affirm. The relevant facts follow.

The complaint shows that on April 18, 1995, Leonard was riding in the front passenger seat of a 1995 Ford Aerostar when it was struck on the right side by a vehicle driven by a third party. The van rotated 180 degrees, rolled over on the driver's side, and righted itself, but the sliding passenger door broke off and Leonard was ejected from the van.

On October 25, 2004, Ford filed a motion in limine to exclude evidence of other similar incidents involving the failure of an Aerostar sliding door, arguing that the incidents did not meet the test of substantial similarity. In Georgia, "[s]imilar acts or omissions on other and different occasions are not generally admissible to prove

---

[1] The record does not reflect the date of Leonard Colp's death. The action is now maintained by Nancy Colp individually and as executor of Leonard Colp's estate.

[2] 273 Ga. 454 (543 SE2d 21) (2001).

like acts or omissions at a different time or place."[3] In *Cooper Tire*,[4] our Supreme Court explained the rule of substantial similarity thusly:

> In products liability cases, the "rule of substantial similarity" prohibits the admission into evidence of other transactions, occurrences, or claims unless the proponent first shows that there is a "substantial similarity" between the other transactions, occurrences, or claims and the claim at issue in the litigation. The showing of substantial similarity must include a showing of similarity as to causation. Before admitting proffered evidence of other transactions in products liability cases, the trial court must satisfy itself that the rule of substantial similarity has been met.[5]

The Court further held that a party seeking to introduce similar incidents into evidence must show that the products (1) share a common design, (2) suffer from a common defect, and (3) "that any common defects shared the same causation."[6] Further, as noted above, the Court specifically directed that it is the trial court's responsibility to decide whether the incidents proffered by the plaintiff satisfy the three-part test of substantial similarity.[7] Finally, the Court

> made it quite clear that the admission of evidence is generally committed to the sound discretion of the trial court, whose determination shall not be disturbed on appeal unless it amounts to an abuse of discretion. . . . Absent clear abuse, the trial courts' exercise of discretion in admitting or refusing to admit such evidence is entitled to deference, and should not be hamstrung by restrictive rulings.[8]

Guided by these precepts, we briefly review the voluminous evidence and testimony presented over the course of the two-day hearing held in August 2005.

---

[3] (Punctuation and footnote omitted.) *Stovall v. DaimlerChrysler Motors Corp.*, 270 Ga. App. 791, 792 (1) (608 SE2d 245) (2004).

[4] *Supra.*

[5] (Footnotes omitted.) Id. at 455 (1). See also *Mack Trucks, Inc. v. Conkle*, 263 Ga. 539, 544 (3) (436 SE2d 635) (1993).

[6] *Cooper Tire*, supra at 456 (1).

[7] Id. at 457 (2). Accord *Cottrell, Inc. v. Williams*, 266 Ga. App. 357, 362 (1) (596 SE2d 789) (2004).

[8] (Punctuation and footnote omitted.) *Cooper Tire*, supra at 456-457 (2).

Colp's expert, Andrew N. Gilberg, testified that the Aerostar was produced from 1986 to 1997, and had a "positive latch" at the rear of the sliding door, but not at the front, or "leading edge." Instead, on the leading edge, a "passive retention" system was used which, according to Gilberg, would not keep the door closed in a crash. Before the 1995 model year, this system consisted of two wedges, an upper and lower wedge, about 18 inches apart, which would seat in wedge-shaped pockets on a structure called the "B-pillar" as the door closed.

Late in the 1994 model year, the design was changed to a wedge-and-pin design in which the lower wedge was replaced with a metal pin with a flanged end which would seat through a metal ring on the B-pillar. The Aerostar in which Leonard was riding was equipped with the wedge-and-pin design. Twenty-eight of the similar incidents that Colp sought to introduce into evidence involved 1990-1993 Aerostars with the two-wedge design, while two of the Aerostars had the wedge-and-pin design. As to causation, Gilberg testified that the sliding door came off in all 30 collisions because it failed to remain securely latched to the B-pillar due to the lack of a positive latch at the leading edge of the door. Those thirty incidents were tendered to show defect, and seven additional incidents were claims or complaints submitted to show that Ford had notice of problems with the door.

The defense expert, Edward Michael Paddock, an engineer who worked for Ford for 30 years before retiring in 1996, testified that he was involved in evaluating the design of the Aerostar and that he personally instigated the design change to the wedge-and-pin, which he termed the "catch-pin" design. According to Paddock, the catch-pin design was "totally different" from the earlier, two-wedge design; the two performed and responded differently. He explained that with the 1995 design, a "catch plate" replaced a cup receptacle at the bottom of the door; that a bracket holds the plate in place; and that the pin goes in behind the catch bracket. According to Paddock, testing showed that the catch-pin design created "an appreciable difference in performance" in its ability to retain the door.

After reviewing the testimony and documentary evidence submitted by the parties, the trial court granted Ford's motion in limine.[9] The court applied the three-part test of substantial similarity outlined in *Cooper Tire*, supra, and determined that Colp had not proved two of the three factors: common design or common causation. Specifically, based on the testimony of both experts, the court decided that Colp had not shown that the wedge-and-pin design was substantially similar to the two-wedge design, so that the twenty-eight

---

[9] The court's order is phrased as a denial of Colp's motion to admit the evidence. This is incorrect, as Colp filed no such motion, but the parties deem the error irrelevant.

incidents involving the sliding door with the two-wedge design were not admissible. Moreover, the trial court found significant differences with respect to causation between the low speed collision in this case and the high speed single vehicle rollover represented by many of the other incidents, including the two involving the door with the wedge-and-pin design. Therefore, the court excluded all 30 incidents. The court certified its order for immediate review, and we granted an interlocutory appeal. Colp enumerates three errors.

1. Colp first argues that the trial court applied an improper legal standard in determining the admissibility of the proffered incidents. Colp contends that the trial court required that the other incidents be identical, as opposed to substantially similar. We disagree. The term "identical" does not appear in the order. Rather, in finding no substantial similarity in the designs in question, the court recounted expert testimony that the designs operated differently in retaining the sliding door and performed differently on governmental safety tests.

Colp next argues that the trial court failed to confine its analysis to relevant factors — i.e., the lack of a positive latch at the leading edge of the door. In this regard, Colp contends that the "substantial similarity" test "is simply a particularized application" of the relevance test, which provides: "the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value; evidence of doubtful relevance or competency should be admitted and its weight left to the jury."[10] This argument ignores the case law regarding the "substantial similarity" test. The rule permitting admission of incidents ruled by the trial judge to be substantially similar to the one which is the subject of the plaintiff's complaint has developed as an exception to the general rule prohibiting the introduction of "[s]imilar acts or omissions on other and different occasions . . . to prove like acts or omissions at a different time or place."[11] Where, as here, the trial court in the exercise of its sound discretion determines that the other incidents proffered by the plaintiff do not share a substantially similar common design or common causation, such evidence is deemed irrelevant as a matter of law.[12]

Finally, Colp contends that the trial court's comment that "the hurdle for the admission of such evidence is a high one" shows that

---

[10] (Citation and punctuation omitted.) *Woodall v. Rivermont Apts. &c.*, 239 Ga. App. 36 (520 SE2d 741) (1999) (physical precedent only) (evidence of prior crimes in apartment complex admissible in negligence action against landlord). See *Mattox v. MARTA*, 200 Ga. App. 697, 700 (8) (409 SE2d 267) (1991).

[11] (Punctuation and footnote omitted.) *Stovall*, supra.

[12] Id. See also *Cottrell*, supra; *Ray v. Ford Motor Co.*, 237 Ga. App. 316, 317 (1) (514 SE2d 227) (1999); *Rose v. Figgie Intl.*, 229 Ga. App. 848, 850 (1) (a) (495 SE2d 77) (1997).

the court applied the wrong standard. We believe that Colp has mischaracterized this comment, which was made at the end of a lengthy order in which the court repeatedly referred to the correct "substantial similarity" test. Therefore, we reject her argument.

2. In her second enumerated error, Colp argues that the court erred by undertaking to resolve disputed issues of fact relevant to the substantial similarity test. Colp also attacks the court's decision as to the weight of the evidence presented at the hearing. Specifically, Colp contends that the overwhelming evidence supports a conclusion that the design change from the two-wedge to the wedge-and-pin did not affect the performance of the door, either in side-impact or rollover collisions. However, it is not the function of this Court to weigh the evidence; that function has been assigned to the trial judge. As stated in *Cooper Tire*, "[b]efore admitting proffered evidence of other transactions in products liability cases, the trial court must satisfy itself that the rule of substantial similarity has been met."[13] In order "to satisfy itself that the rule . . . has been met," the trial court must necessarily conduct a factual inquiry into whether the proponent's proffered incidents share a common design, common defect, and common causation with the alleged design defect at issue. Therefore, we reject Colp's argument that the trial court impermissibly engaged in resolving factual disputes.

3. Finally, Colp contends that the trial court abused its discretion in excluding the proffered evidence of other incidents. We reiterate the general rule that "questions of relevance are within the domain of the trial court, and, absent a manifest abuse of discretion, a court's refusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal."[14]

The reason underlying this rule was explained in *Cooper Tire*.

> [T]rial courts, unlike appellate courts, are familiar with a piece of litigation from its inception, hear first-hand the arguments of counsel, and consider disputed evidence within the context of an entire proceeding. Hence, it is only natural that an appellate court should defer to the trial court with regard to the admission of evidence, unless the lower court's decision is so flawed as to constitute an abuse of discretion.[15]

(a) As to the thirty collisions to which her expert testified, Colp essentially maintains that the trial court should have credited the

---

[13] (Footnote omitted.) *Cooper Tire*, supra at 455 (1). Accord *Cottrell*, supra.

[14] (Citation omitted.) *Karoly v. Kawasaki Motors Corp.*, 259 Ga. App. 225, 227 (3) (576 SE2d 625) (2003).

[15] (Footnote omitted.) *Cooper Tire*, supra at 457 (2).

testimony of her expert that there was no difference in the characteristics exhibited by the two-wedge and the wedge-and-pin designs in "real world" crashes. In addition, Colp argues that substantial similarity must be viewed from the perspective of the plaintiff's theory of defect, which, in this case, is the lack of a positive latch at the leading edge of the door. In other words, she argues that differences in the design or the type of accident may not be used to exclude evidence as insufficiently similar. Colp relies on federal cases in support of her argument, but those cases are inapposite because they do not apply Georgia law.[16] Moreover, in the Eleventh Circuit, the admission of other incidents is generally governed by the federal substantial similarity doctrine, not state law.[17]

In the case at bar, we conclude that the trial court properly relied on *Cooper Tire* when it commented that proponents of other incident evidence "cannot define a design defect so broadly that all products which lack a certain design are by definition 'substantially similar.' "[18] Based on Paddock's testimony and exhibits of government tests indicating that the so-called "catch-pin" design had more "load capability" than the two-wedge design, meaning that it "added to the performance of the door," we cannot say that the trial court abused its discretion in ruling that Colp failed to satisfy the "common design" prong of the admissibility test with regard to the twenty-eight incidents involving Aerostars with the two-wedge design. The remaining two incidents, identified as "Navarro" and "Sweeney," involved the same design as the Aerostar in the instant case. However, the trial court ruled that neither these incidents, nor the other 28, arose from a substantially similar cause. In this regard, Gilberg testified that the "Navarro" and "Sweeney" incidents were rollover accidents. He also testified that the Colp incident was a side-impact collision and that the separation of the sliding door at the B-pillar occurred due to that impact. Paddock testified that load forces on the door are different in classic rollover accidents, and that in a rollover, the door often is ripped off the van by the road or off-road surface. Again, based on the evidence, we cannot say that the trial court

---

[16] *Clark v. Chrysler Corp.*, 310 F3d 461, 472 (III) (6th Cir. 2002) (applying substantial similarity doctrine as established in *Rye v. Black & Decker Mfg. Co.*, 889 F2d 100, 102-103 (6th Cir. 1989)); *Smith v. Ingersoll-Rand Co.*, 214 F3d 1235, 1248 (IV) (10th Cir. 2000) (applying New Mexico law).

[17] *Heath v. Suzuki Motor Corp.*, 126 F3d 1391, 1395-1396 (II) (B) (11th Cir. 1997). See *Tran v. Toyota Motor Corp.*, 420 F3d 1310, 1316 (III) (11th Cir. 2005) (applying doctrine of substantial similarity as set out in *Heath*).

[18] See *Cooper Tire*, supra at 456 (2).

abused its discretion in ruling that Colp failed to show that "any common defects [here, the failure of the door] shared the same causation."[19]

(b) Finally, Colp argues that the trial court abused its discretion in excluding evidence of other lawsuits on the issue of notice. She claims that such evidence is admissible under the standard set forth in *Skil Corp. v. Lugsdin*:[20] "All that is required is that the prior accident be sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated accident."[21] However, as we previously held,

> [t]he plaintiffs' reliance upon *Skil Corp.* is misplaced, as that case addressed the relevance and permissible use of evidence of prior incidents, and not the foundational requirements for admission of that type of evidence. The similarity of the various incidents was conceded by *Skil Corp.* as is implicit in the opinion and nothing therein eliminates the requirements of a showing of similarity where such is in dispute.[22]

In the case at bar, the trial court did not abuse its discretion in excluding evidence of prior lawsuits involving the failure of sliding doors on 1986-1993 model year Aerostars, which have a different design than the 1995 model at issue.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MAY 10, 2006 — ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Doffermyre, Shields, Canfield, Knowles & Devine, Foy R. Devine, David S. Hagy*, for appellants.

*McKenna, Long & Aldridge, Charles K. Reed, Michael R. Boorman, Matthew S. Knoop*, for appellee.

---

[19] Id. at 456 (1).

[20] 168 Ga. App. 754 (309 SE2d 921) (1983).

[21] (Citation and punctuation omitted.) Id. at 755 (1).

[22] *Gen. Motors Corp. v. Moseley*, 213 Ga. App. 875, 878 (1) (447 SE2d 302) (1994), abrogated on other grounds, *Webster v. Boyett*, 269 Ga. 191 (496 SE2d 459) (1998).