Christopher A. REID, Plaintiff,

v.

**BMW OF NORTH AMERICA,**
**et al., Defendants.**

**No. 1:04–CV–1885–MHS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 27, 2006.

still a live dispute in this case.

David K. Schneider, Yunker & Schneider, San Diego, CA, Jet Harris, Stephen

Douglas Apolinsky, Eastman & Apolinsky, Decatur, GA, for Plaintiff.

Charles Kyle Reed, James Barton Manley, Jr., Matthew Scott Knoop, McKenna Long & Aldridge, Atlanta, GA, Thomas P. Branigan, Bowman & Brooke, LLP, Troy, MI, for Defendants.

## ORDER

SHOOB, Senior District Judge.

Presently before the Court is the BMW defendants' motion for reconsideration of a portion of the Court's ruling in its Order dated May 1, 2006. For the reasons set forth below, the Court grants defendants' motion.

*Background*

This is a product liability action brought by plaintiff, Christopher Reid, against BMW of North America (BMW NA), Bayerische Motoren Werk Aktiengelsellschaft (BMW AG) (collectively "the BMW defendants"), and Does 1–100. In his complaint, plaintiff contends that on July 3, 2002, he was a service technician at a Pep Boys Automotive Supercenter ("Pep Boys"). He had just completed replacing a thermostat in a customer's BMW 325i (E36 series). Plaintiff alleges that while he was looking under the hood of the car to determine why the car was overheating, suddenly and without warning, the radiator exploded causing boiling radiator fluid to spray onto him causing second and third degree burns on his arms, body, and face, as well as other serious and permanent physical and emotional injuries. Plaintiff avers that the vehicle and its component parts, including specifically the radiator and cooling system, had a defect in the design or manufacture that existed at the time it left the BMW defendants' possession causing the radiator to explode resulting in injuries to plaintiff. Plaintiff alleges that the BMW defendants have known for several years about the defect in the cooling system and/or radiator in the E36 series BMW which has resulted in boiling fluid spraying on numerous individuals.

Plaintiff brings a strict liability claim against the BMW defendants alleging that the vehicle and/or its component parts, including the cooling system and radiator, contained a defect in the design and/or manufacture that existed at the time it left the BMW defendants' possession. Plaintiff also brings a negligence claim alleging that the BMW defendants failed to exercise reasonable care when they *inter alia* designed and manufactured the vehicle and/or its component parts. Plaintiff brings a failure to warn claim against the BMW defendants for failing to warn plaintiff and others of the danger and defect of the vehicle and/or its component parts or that the vehicle and/or its component parts were dangerous when used for its intended or foreseeable purposes. Plaintiff seeks both punitive and compensatory damages for his injuries. The Court has diversity jurisdiction over this matter.

*Discussion*

The BMW defendants move for reconsideration of the Court's May 1, 2006, Order regarding the admissibility of other incidents. Plaintiff relied on other incidents involving radiators when responding to the BMW defendants' motion for summary judgment. Specifically, plaintiff relied on these other incidents to show that the BMW defendants had known of the radiator defect at issue in this case for approximately fourteen years and that despite this knowledge, the BMW defendants did not nothing to correct the problem or warn individuals of the potential for injury.

In response to plaintiff's argument, the BMW defendants argued in their reply brief that plaintiff had no competent evidence to support his claim for punitive damages. The BMW defendants argued that plaintiff's evidence of other radiator incidents was inadmissible because plain-

tiff had failed to show that any of the other incidents were substantially similar to the incident in this case such that they shared a common design, common defect, and common causation with the subject radiator. The BMW defendants relied on *Cooper Tire & Rubber Co. v. Crosby*, 273 Ga. 454, 456, 543 S.E.2d 21 (2001), for evaluating the admissibility of evidence.

Also relying on *Cooper Tire & Rubber Co.*, the Court held that in order for other incidents to be admissible, under Georgia law these incidents must be substantially similar sharing a common design, suffering from a common defect, and sharing the same causation. The Court found that plaintiff had met his burden to show how the other incidents were similar and defendants had failed to point the Court to any evidence of how the incidents were not substantially similar. The Court concluded that "the incidents to which plaintiff refers appear to the Court on their face to be substantially similar to the incident at issue in this case and are admissible." Order at p. 16. Viewing the evidence in the light most favorable to plaintiff, the Court held that plaintiff had presented sufficient evidence to a create a genuine issue of material fact as to whether the BMW defendants knew or reasonable should have known of the dangers in the radiator and failed to provide warning and as to plaintiff's claim for punitive damages.

The BMW defendants have now moved for reconsideration of the Court's ruling admitting other incidents. The BMW defendants argue that the Court erred by placing the burden of proving the dissimilarity of the other incidents on the BMW defendants. Instead, the BMW defendants argue that the burden lies with plaintiff and that plaintiff failed to meet his burden. The BMW defendants further contend that the parties should have an opportunity to fully brief the evidentiary issues before trial.

Plaintiff argues in response that he provided an ample showing sufficient to support the admission of many substantially similar incidents for his claim that the BMW defendants had notice of the problem. Plaintiff also avers that the BMW defendants have not pointed to any specific problems or dissimilarities between the incidents in this case and the other incidents.

In arguing the motion for reconsideration, both plaintiff and the BMW defendants rely on Georgia law in *Cooper Tire & Rubber Co.*, for the standard for determining the admissibility of other incidents. Both agree that plaintiff must show common design, common defect, and common causation to establish substantial similarity.

 Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), ND Ga. The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir.2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. *Bryan v. Murphy*, 246 F.Supp.2d 1256, 1258–59 (N.D.Ga.2003). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" *United States v. Battle*, 272 F.Supp.2d 1354, 1358 (N.D.Ga.2003) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1239 (11th Cir.1985)). Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. *Pres,*

*Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs.,* 916 F.Supp. 1557, 1560 (N.D.Ga.1995), *aff'd* 87 F.3d 1242 (11th Cir.1996).

▮ The Court and the parties erred in relying on Georgia law for the admissibility of evidence of other incidents. Instead, federal law and the Federal Rules of Evidence govern the admissibility of evidence in a diversity action because the admissibility of evidence is a procedural matter. *Heath v. Suzuki Motor Corp.,* 126 F.3d 1391, 1396 (11th Cir.1997); *Miller ex rel. Miller v. Ford Motor Co.,* No. 2:01–CV–545–FTM–29DNF, 2004 WL 4054843, at *1–2 (M.D.Ga. July 22, 2004); *see Colp v. Ford Motor Co.,* 279 Ga.App. 280, 630 S.E.2d 886, 890 (2006). Admission of other similar accidents or occurrences is governed by the federal substantial similarity doctrine and not state law. *Heath,* 126 F.3d at 1396; *Colp v. Ford Motor Co.,* 630 S.E.2d at 890.

Accordingly, the Court grants the BMW defendants' motion for reconsideration to correct this clear error and to evaluate the admission of evidence under the federal substantial similarity doctrine. From the Court's Order, dated May 1, 2006, the Court strikes page 15 in its entirety and the first three sentences of page 16. The Court inserts the material below in place of the stricken text.

*Begin Inserted Text*

A. Failure to Warn & Punitive Damages

▮ The BMW defendants move for summary judgment on plaintiff's failure to warn claim and his claim for punitive damages. To sustain plaintiff's failure to warn and punitive damages claim, plaintiff must point to competent evidence to create a genuine issue of material fact that the BMW defendants knew or reasonably should have known of a defect in the BMW E36, E34, E32, E31, and E30 series and failed to provide a warning. To show that the BMW defendants did know of a defect in these vehicles, plaintiff relies on other prior occurrences of radiator problems in this series of vehicles.

▮ Pursuant to the federal substantial similarity doctrine, evidence of prior occurrences or accidents may be offered to show a "defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen v. Jaguar Cars Inc.,* 915 F.2d 641, 649–50 (11th Cir.1990). Evidence of prior accidents or occurrences is only admissible if, first, the proponent of the evidence shows that conditions substantially similar to the occurrence in question caused the prior accidents. *Heath,* 126 F.3d at 1396 n. 12; *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir.1988). Second, the prior accidents must not be too remote in time. *Jones,* 861 F.2d at 662. Remoteness is within the trial judge's discretion. *Id.* Third, the admission of other occurrences is subject to the reasonable discretion of the trial court as to whether the prejudice or confusion of issues, which may probably result from the admission of such evidence, is disproportionate to the value of the evidence. *Heath,* 126 F.3d at 1396 n. 13; *Miller ex rel. Miller,* 2004 WL 4054843 at *1.

Plaintiff intends to offer the evidence of other prior incidents to show the BMW defendants' notice of the alleged defect in the radiator in the BMW E36, E34, E32, E31, and E30 series vehicles and their failure to correct the problem or warn others. Plaintiff may submit evidence for these purposes pursuant to the federal substantial similarity doctrine. *See Heath,* 126 F.3d at 1396; *Hessen,* 915 F.2d at 650.

Next, plaintiff must show that the conditions that caused the other occurrences of radiator problems in this BMW series were substantially similar to the conditions that caused the radiator problem in the 1993 BMW 325i (E36 series) vehicle that plaintiff was working on when he sustained his injuries. According to plaintiff's testimony, a 1993 BMW 325i (E36 series) vehicle appeared to be overheating. While he was working on the vehicle, the radiator exploded. Plaintiff testified that after the explosion, he noticed that the radiator neck had broken off. Plaintiff's expert, Dr. Kasbekar, states in his expert report that the radiator failure occurred at the upper radiator neck.

Plaintiff relies on the affidavits of David K. Schneider and Dr. Kasbekar for evidence of prior occurrences. Plaintiff has presented 75 Quality Control Information Sheets ("QCIs"), a/k/a "Pink Sheets" dating back to 1992, as exhibits to Schneider's affidavit. These QCIs were prepared by BMW authorized dealers and sent to BMW NA to advise BMW NA of persistent problems with components or issues in the BMW vehicles.

Each QCI contains a BMW dealer stamp and has the BMW logo in the upper right hand corner. Each QCI asks the dealer to describe the problem and repair necessary in detail, using a diagram or sketch for clarification if possible. These QCIs describe upper radiator neck failure in BMW vehicles, series E30, E31, E32, E34, and E36. Although the actual descriptions vary, many of the QCIs specifically state that the car was overheating, the top of the radiator neck broke off, and the radiator plastic appeared brittle. Specifically, QCI number 000035 describes that a 1993 BMW 325i (E36 series) was towed in and the top of the radiator neck broke off.

Plaintiff has introduced evidence involving BMW vehicles identical to the one plaintiff was working on and to the ones plaintiff contends contained a defect. All of these vehicles suffered a similar problem of upper radiator neck failure. The Court finds that plaintiff has shown that conditions substantially similar to the radiator problem in this case caused the prior occurrences of radiator failure documented in the 75 QCIs. *See Hessen,* 915 F.2d at 649; *Jones,* 861 F.2d at 662.

The Court further finds that these prior occurrences are not too remote in time. Plaintiff contends that the BMW defendants had notice and knowledge of the problem with the radiator since 1992 and the QCIs date from April of 1992 through January of 2003.

Finally, the Court finds that any prejudice or confusion of the issues that may result from admission of these 75 QCIs is not disproportionate to the value of the evidence. Accordingly, the Court admits these 75 QCIs for the purpose of showing that the BMW defendants had notice of upper radiator neck failure in these BMW vehicles in support of plaintiff's opposition to the BMW defendants' motion for summary judgment.

*End Inserted Text*

Having admitted the evidence of these prior occurrences for purposes of summary judgment, the Court confirms its prior ruling that plaintiff has presented competent evidence to create a genuine issue of material fact as to whether the BMW defendants knew or reasonably should have known of the dangers in the radiator and failed to provide a warning. The Court also confirms its prior conclusion that if the BMW defendants did know of a defect in the radiator and did nothing about it, punitive damages may be appropriate. Therefore, the Court's finding that plaintiff has presented sufficient evidence to create a genuine issue of material fact on his claim for punitive damages remains unchanged.

In his motion for reconsideration, plaintiff notes that he was not seeking to admit any specific particular incident on the grounds of substantial similarity but rather intended to provide the Court with extensive evidence detailing the BMW defendants' notice of the problem. Given plaintiff's intent, along with the BMW defendants' arguments that the Court should have a full briefing before ruling on evidentiary issues, the Court will not rule on the admissibility of the other evidence relied on and submitted by plaintiff at this time.[1] Should the parties wish to admit any other evidence, the Court will allow for a full briefing and argument, if necessary, on these evidentiary issues at the appropriate time.[2]

*Conclusion*

For the foregoing reasons, the Court GRANTS the BMW defendants' motion for reconsideration [# 184]; STRIKES page 15 in its entirety and the first three sentences of page 16 from the Court's Order, dated May 1, 2006, and inserts the material provided in this order regarding the admissibility of evidence in place of the stricken text; GRANTS plaintiff's motion for relief to deem pleadings timely filed [# 189]; DENIES plaintiff's motion for leave to file sur reply in opposition to the BMW defendants' motion for reconsideration [# 197].

1. The Court has not considered the evidence related to prior occurrences that was submitted by plaintiff in responding to the BMW's motion for reconsideration because this evidence was not before the Court when the Court ruled on the BMW defendants' motion for summary judgment.

2. In the future, when the parties wish to refer to documents or admit materials that have already been filed with the Court or are part of the Court's docket, the party need not re-file the materials, but instead should refer the Court to the docket number, and exhibit number if applicable, of the material. This should help prevent the parties from having to electronically re-file documents already filed with the Court and hopefully minimize any potential technical problems with filing numerous documents.